IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SAMUEL RAY HILL, ) | |
| # 176703, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 3:08cv351-MHT |
| ) | (WO) |
| KENNETH JONES, WARDEN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a petition for habeas corpus relief under 28 U.S.C. § 2254 file by state inmate Samuel Ray Hill ("Hill") on October 23, 2007. By his petition, Hill challenges convictions for first-degree sexual abuse and first-degree sodomy entered against him in March 2005 by the Circuit Court Tallapoosa County, Alabama. Hill was sentenced to a term of 12 years in prison.

The respondents have filed an answer in which they argue that Hill's habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] The respondents contend that because the conviction that Hill challenges became final in 2005 – after the effective date of the statute of limitations – Hill must have filed his § 2254 petition within a year of the conviction becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction was

---

[1]Subsection (d) was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

pending in the state courts. The respondents acknowledge that Hill filed two state post-conviction petition pursuant to Rule 32, *Alabama Rules of Criminal Procedure* – the first in January 2006 and the second in June 2007. However, the respondents maintain that even allowing a tolling of the limitation period contained in 28 U.S.C. § 2244(d)(1) during the pendency of the Rule 32 petitions, the limitation period expired prior to Hill's filing of the instant federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *also Tinker v. Moore*, 255 F.3d 1331, 1333 1335 n.4 (11th Cir. 2001).

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Hill's § 2254 petition is precluded from review by this court because it was not filed within the time allowed by applicable federal law.

Title 28 U.S.C. § 2244(d)(1)(A) provides that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired. Hill, who pled guilty, was convicted in the Circuit Court of Tallapoosa County on March 16, 2005. He was sentenced that same day. He did not file a direct appeal of his conviction or sentence. Because he failed to undertake the direct appeal process, his conviction became final on April 27, 2005 (forty-two days after imposition of sentence), as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This court finds that the limitation period ran for **267 days** after Hill's conviction became final until his filing of the Rule 32 petition in the Circuit Court of Tallapoosa County on January 19, 2006. The trial court dismissed the Rule 32 petition on March 3, 2006. Hill appealed this ruling, and on June 23, 2006, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the Rule 32 petition. Hill applied for rehearing, which was overruled on July 14, 2006. He did not petition the Alabama Supreme Court for a writ of certiorari. A certificate of judgment was issued on August 2, 2006. Thus, Hill's first Rule 32 petition remained pending in the state courts until August 2, 2006. At such time, Hill had 98 days remaining within which to file a timely federal habeas petition.

The limitation period began to run again and ran for another **304 days**, until June 7, 2007, when Hill filed his second Rule 32 petition in the Circuit Court of Tallapoosa County on January 19, 2006.[2] By that time, the time allowed Hill for the filing of a timely federal habeas petition had expired, as **571 (267 + 304) days** had run from the date on which his

---

[2]The trial court dismissed the second Rule 32 petition on June 13, 2007. Hill appealed that ruling, and the Alabama Court of Criminal Appeals affirmed. Hill did not apply for rehearing or petition the Alabama Supreme Court for a writ of certiorari, and a certificate of judgment was issued on January 3, 2008. The second Rule 32 petition had no effect on the running of the limitation petition applicable to the instant federal habeas petition because second Rule 32 petition was filed **after** expiration of the federal limitation period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *see also Tinker*, 255 F.3d at 1333, 1335 n.4 (11th Cir. 2001).

conviction became final.

Under the circumstances of this case as outlined in this order, it appears that the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired well before Hill filed the instant habeas petition under § 2254.  Accordingly, it is

**ORDERED that on or before July 21, 2008**, Hill shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done this 1st day of July, 2008.


                                /s/Wallace Capel, Jr.
                              WALLACE CAPEL
                              UNITED STATES MAGISTRATE JUDGE