IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SAMUEL RAY HILL, ) | |
| # 176703, ) | |
|  ) | |
| Petitioner, ) | |
|  ) | |
| v ) | Civil Action No. 3:08cv351-MHT |
|  ) | (WO) |
| KENNETH JONES, *et al.*, ) | |
|  ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   BACKGROUND**

Samuel Ray Hill ("Hill"), a state inmate, is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on October 23, 2007.[1]  Hill challenges convictions for first-degree sexual abuse and first-degree sodomy entered against him in March 2005 by the Circuit Court of Tallapoosa County, Alabama.  That court sentenced Hill, on March 16, 2005, to a term of 12 years imprisonment.  Hill did not appeal his conviction or sentence.  Therefore, his conviction was final by operation of law on April 27, 2005, forty-two days after he was sentenced.  *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).  In his federal habeas petition, Hill argues that (1) his Fourth Amendment rights were violated when law enforcement agents did not present a sworn affidavit/warrant for his arrest; (2) no complaint form by the victim or the victim's

---

[1]Hill originally filed his habeas petition in the United States District Court for the Northern District of Alabama, which later directed that the case be transferred to this court.

parents was in the court record; and (3) the "DHR went on second hand information and was not the actual witness in the case." (*Doc. No. 1 at pp. 5-9.*)

The respondents argue that Hill's petition is time-barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] (*Doc. No. 11 at pp. 5-6.*) The respondents specifically assert that because Hill's conviction was final in 2005 – after the effective date of the AEDPA – he was required to file his § 2254 petition within a year after his conviction became final, exclusive of the time any properly filed state post-conviction petition related to the conviction was pending in the state courts. The respondents acknowledge that Hill challenged his conviction through two state post-conviction petitions pursuant to Ala.R.Crim.P. 32 – the first filed in January 2006 and the second in June 2007. (*Id.*) However, the respondents maintain that even allowing a tolling of the limitation period contained in 28 U.S.C. § 2244(d)(1) during the pendency of the state Rule 32 proceedings, the limitation period expired before Hill filed the instant federal habeas petition. (*Id.*) *See Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Based on the respondent's argument, this court entered an order advising Hill that he had failed to file the present federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 12.*) The order also gave Hill an opportunity to show cause why his petition should not be barred from review by this court.

---

[2]Subsection (d) of 28 U.S.C. § 2244 was added by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

(*Id.*)  Hill took the opportunity granted to file a response.  (*Doc. No. 13*.)

Upon review of the pleadings filed by the parties and the applicable law, this court concludes that Hill's habeas petition should be denied and this case dismissed with prejudice because the petition was not filed within the time allowed by federal law.

## II.  DISCUSSION

*A.*     *Limitation Period*

The Antiterrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996, and amended the habeas corpus statute to include a one-year limitation period on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

>exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute directs that the limitation period for filing a habeas petition under 28 U.S.C. § 2254 begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. *See* 28 U.S.C. § 2244(d)(1)(A). The Circuit Court of Tallapoosa County imposed the sentence for the state conviction now challenged by Hill on March 16, 2005. (*See State Exh. D at p. 1.*) Hill did not file a direct appeal. Because he failed to undertake the direct appeal process, his conviction became final on April 27, 2005 (forty-two days after imposition of sentence), as this is the date on which his time to seek direct review expired. Ala.R.App.P. 4(b)(1); *Bridges*, *supra*, 284 F.3d at 1202. *See also* Rule 13.1, *Rules of the United States Supreme Court*. The one-year period of limitation contained in § 2244(d)(1)(A), therefore, began to run on that date.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The federal limitation period ran for **267 days** after the date on which Hill's conviction became final (April 27, 2005) until his filing of a Rule 32 petition in the Circuit Court of Tallapoosa County on January 19, 2006. (*See State Exh. A.*) The trial court dismissed that Rule 32 petition on March 3, 2006. (*Id. at. p. 26.*) Hill appealed the ruling,

4

and on June 23, 2006, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal of the Rule 32 petition. (*See State Exh. D.*) Hill applied for rehearing, which was overruled on July 14, 2006. (*See State Exhs. E & F.*) He did not petition the Alabama Supreme Court for a writ of certiorari. A certificate of judgment was issued on August 2, 2006. (*See State Exh. G.*) Thus, Hill's first Rules 32 petition was pending in the state courts until August 2, 2006. On that date, Hill had **98 (365 - 267) days** remaining within which to file a timely federal habeas petition.

The limitation period began to run again for Hill, and ran for another **304 days**, until June 7, 2007, when Hill filed his second Rule 32 petition in the Circuit Court of Tallapoosa County on January 19, 2006.[3] (*See State Exh. H.*) By that time, however, the time allowed Hill for the filing of a federal habeas petition had expired, as **571 (267 + 304) days** had run from the date on which his conviction became final.[4] The limitation period expired for Hill

---

[3] Hill styled his second state post-conviction petition as a petition for writ of habeas corpus. However, pursuant to Ala.R.Crim.P. 32.4, the trial court treated it as a Rule 32 petition. The trial court dismissed the second Rule 32 petition on June 13, 2007. Hill appealed that ruling, and the Alabama Court of Criminal Appeals affirmed. Hill did not apply for rehearing or petition the Alabama Supreme Court for a writ of certiorari, and a certificate of judgment was issued on January 3, 2008. (*See State Exhs. H - L.*)

[4] Hill incorrectly argues that the federal limitation period ran from the date of completion of the state court proceedings on his second Rule 32 petition. (*Doc. No. 13 at pp. 3-5.*) However, the second Rule 32 petition had no effect on the running of the limitation petition applicable to Hill's federal habeas petition, because the second Rule 32 petition was filed **after** expiration of the federal limitation period and could not operate to revive the limitation period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *see also Tinker*, 255 F.3d at 1333, 1335 n.4 (11th Cir. 2001).

5

on November 8, 2006 (98 days after August 2, 2006). However, Hill did not file his federal habeas petition until October 23, 2007[5] – well after expiration of the one-year limitation period contained in 28 U.S.C. § 2244(d)(1).

### B.   *Other Statutory Exceptions to Limitation Period*

Any efforts by Hill to seek harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) would be unavailing in this case.[6] There is no evidence that any unconstitutional or illegal State action impeded Hill from filing a timely § 2254 petition. *See* § 2244(d)(1)(B). Hill's claims also do not rest on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* § 2244(d)(1)(C). Finally, Hill does not submit any grounds for relief that arguably could not have been put forth earlier under the exercise of due diligence. *See* § 2244(d)(1)(D).

### C.   *Equitable Tolling of Limitation Period*

The limitation period may be equitably tolled on grounds apart from those specified in 28 U.S.C. § 2244(d) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."

---

[5]Although Hill's petition was date-stamped "FILED" in the district court on October 29, 2007, it was signed by Hill on October 23, 2007. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Hill] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[6]Hill does not assert that these tolling provisions should be applied to his petition.

6

*Sandvik v. United States*, 177 F.3d 1269, 1271 (1999); *see also Wade v. Battle*, 379 F.3d 1254, 1264-65 (11th Cir. 2004); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002); *Helton v. Sec'y for Dep't of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). An inmate bears the difficult burden of showing specific facts to support his claim of extraordinary circumstances and due diligence. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000).

As noted above, this court entered an order allowing Hill an opportunity to show cause why his petition should not be time-barred from review by this court. (*Doc. No. 12*.) While Hill did file a response to the court's order (*Doc. No. 13*), his response contains no argument asserting any credible basis for either equitable or statutory tolling of the limitation period in this case. Because Hill has shown no basis for tolling, statutory or equitable, his federal habeas petition is time-barred, and it is unnecessary to address the merits of the claims he raises in the petition.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be denied as time-barred and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 28, 2010.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections

will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of April, 2010.

      /s/Wallace Capel, Jr.
WALLACE CAPEL
UNITED STATES MAGISTRATE JUDGE